# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MACIEL-BAZAN, | CV F   06-0497 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BERNIE ELLIS, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND[1]

Petitioner is currently in the custody of the Bureau of Prisons ("BOP") at Taft, California.

In the instant petition, Petitioner challenges a disciplinary report issued on September 6, 2005, for a violation of unlawful possession of weapon. (See Exhibit A, Respondent's Answer to Petition.)

On or about September 6, 2005, Officer Ezell of the Taft Correctional Facility conducted a cubicle search of Petitioner's living quarters. During that search, Officer Ezell discovered a two foot long, one-inch diameter, wooden instrument that closely resembed a "billy-club." (Exhibit A, Answer.)   The instrument appeared to be manufactured by the inmate. (Id.) Petitioner was cited for a violation of 28 C.F.R. § 541.13, Prohibited Act, Section 104 (unlawful

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's answer.

1

possession of a weapon.)

On September 27, 2005, a discipline hearing was conducted by V. Shumaker, Case Manager. (Id.) Advance written notice of the charges was provided to Petitioner on September 6, 2005, by Sergeant Roth. (Id.) Petitioner appeared at the hearing and was given the opportunity to defend himself. Petitioner was advised of his rights to a staff representative and waived such right. Petitioner was also permitted to present witnesses and testify on his own behalf. (Id.)

During the disciplinary hearing, Petitioner admitted to possessing the instrument but stated he never meant to harm anyone with it as he used it for lifting weights. (Id.) Fellow inmate, Jose Pineda, testified at the hearing that Petitioner used the instrument for lifting weights. (Id.)

Disciplinary Hearing Officer ("DHO") C. Logan considered the evidence and found Petitioner guilty of possessing an unlawful instrument. The DHO found that the instrument was a wooden weapon, 2 feet long and 1 inch in diameter. It was found in a laundry bag hanging on the wall of Petitioner's cubicle. (Id.) Petitioner acknowledged the instrument but stated he never meant to do any harm with it, as it was used for lifting weights. The DHO stated it was irrelevant whether Petitioner used the item for weight lifting. (Id.) The officer found the instrument was similar to a "billy club" and was extremely dangerous. The DHO found Petitioner guilty and assessed him a forty (40) day loss of time credits, and fifteen (15) days disciplinary segregation. (Id.) Petitioner was given a final copy of the report on October 10, 2005. (Id.)

On April 26, 2006, Petitioner filed the instant federal habeas petition in this Court. Petitioner claims the evidence was insufficient to support a finding of guilt. Respondent filed an answer to the petition on July 6, 2006, and Petitioner filed a traverse on July 17, 2006. (Court Docs. 7, 8.)

DISCUSSION

A.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody

pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing.  At the time the petition was filed, Petitioner was housed at the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d).  If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. <u>Young v. Kenny</u>, 907 F.2d 874, 876-78 (9th Cir. 1990).

B.      <u>Review of Petition</u>

Petitioner contends that the instrument found in his cell did not constitute a weapon under Section 104.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. <u>Id.</u> at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." <u>Hill</u>, 472 U.S. at 455, *citing* <u>United States ex rel. Vatauer v. Commissioner of Immigration</u>, 273 U.S. 103, 106 (1927).

First, the Court notes Petitioner makes no claim that the procedural requirements under

1  Wolff were not complied with.  Nor does such a claim appear viable as the evidence submitted
2  by Respondent demonstrates that Petitioner was given advance written notice of the disciplinary
3  charges on September 9, 2005; he was provided an opportunity to call witnesses and present
4  documentary evidence; and was provided a copy of the final written order on October 10, 2005.
5  (Exhibit A, Respondent's Answer.)
6        Title 28 of the Code of Federal Regulations section 541.13 states, "Possession,
7  manufacture, or introduction of a gun, firearm, weapon, sharpened instrument, knife, dangerous
8  chemical, explosive or any ammunition" is considered a severe prohibited act."
9        Here, the evidence presented at the disciplinary hearing constituted some evidence
10 sufficient to satisfy the due process requirement of Hill.  The DHO found that Petitioner
11 possessed a two-foot long, one-inch diameter piece of wood within his living quarters.  (Exhibit
12 A, Respondent's Answer.)  It was concealed in the laundry portion of his living quarters.  (Id.)
13 Petitioner concedes that he possessed the instrument but contends that he never intended to harm
14 anyone with it as it was used for weight lifting, however, as stated by the DHO that is irrelevant.
15 Inspection of the instrument revealed that it resembled a "billy-club" and was likely
16 manufactured by the inmate.  (Id.)  It was specifically noted by the DHO that the instrument was
17 extremely dangerous.  (Id.)  Despite Petitioner's contention, it is equally possible that Petitioner
18 was able to use the instrument as a weapon.  The DHO considered all of the evidence, including
19 Petitioner's statements as well as those of fellow inmate Pineda, and concluded that the greater
20 weight of the evidence supported the finding that Petitioner was guilty.  In ascertaining whether
21 the standard of "some evidence" has been satisfied this Court does not independently assess the
22 credibility of the witnesses or weigh the evidence; rather, the only "relevant question is whether
23 there is any evidence in the record that could support the conclusion reached by the disciplinary
24 board."  Hill, 472 U.S. at 455-56.  Thus, based on the foregoing, there is, some evidence
25 supporting the guilty finding of possessing a weapon.  Accordingly, Petitioner's claim is without
26 merit and the petition should be denied.

27                             RECOMMENDATION
28       Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   The instant petition for writ of habeas corpus be DENIED; and

2.   The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 2, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE